UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDWIN SERRANO,

                            PLAINTIFF,           **COMPLAINT**

            -AGAINST-                      **ECF CASE**

NEW YORK CITY, POLICE OFFICER JERRY
WOLVERS, and POLICE OFFICER JUDITH MORENO,
individually, and in their capacity as members of the New
York City Police Department,

                           DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Edwin Serrano ("Mr. Serrano") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 24, 2011, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Serrano to, inter alia, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Serrano, is a 47-year old Hispanic male.

7. Mr. Serrano is a citizen of the United States and at all times here relevant resided at 225 Columbus Avenue, New York, NY 10023.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Jerry Wolvers ("PO Wolvers") and Police Officer Judith Moreno ("PO Moreno"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Serrano is a high school graduate and a former Special Forces Marine.

12. Mr. Serrano received an honorable discharge from the Special Forces and has been employed as a superintendent in Manhattan for approximately thirty years.

13. Mr. Serrano is the PTA president at his youngest daughter's school.

14. Mr. Serrano does not have a criminal record.

15. On or about February 24, 2011, Mr. Serrano drove to visit his mother at her apartment located at 3324 Bailey Avenue, Bronx, New York.

16. Mr. Serrano's wife was with Mr. Serrano and waited in the car while Mr. Serrano went to deliver some documents to his mother.

17. Prior to entering the building Mr. Serrano called his mother to let her know that he was downstairs and would be coming to her apartment.

18. Mr. Serrano always called his mother on the telephone prior to visiting her because his mother has a heart condition and he did not want to alarm her by arriving unannounced.

19. After calling his mother, Mr. Serrano entered 3324 Bailey Avenue using the set of keys his mother had given him.

20. Mr. Serrano took the elevator to the 11th Floor and entered his mother's apartment, 11G.

21. Mr. Serrano gave his mother the documents, spoke to her for approximately five minutes, and left.

22. Mr. Serrano's mother gave Mr. Serrano a chicken sandwich to take with him.

23. After Mr. Serrano left his mother's apartment he took the elevator to the lobby.

24.  As soon as Mr. Serrano exited the elevator, PO Wolvers, without any legal justification, ordered Mr. Serrano to stop.

25. Mr. Serrano complied.

26. PO Wolvers asked Mr. Serrano where he was coming from.

27. Mr. Serrano told PO Wolvers that he was coming from his mother's apartment, which is apartment 11G, and that it is the apartment right outside the elevator.

28. PO Wolvers then asked Mr. Serrano for identification and Mr. Serrano complied by giving PO Wolvers his valid New York State driver's license.

29. PO Wolvers then asked Mr. Serrano to go upstairs with him to his mother's apartment.

30. Mr. Serrano agreed, but requested that he first be able to call his mother on his cell phone so as not to alarm her.

31. PO Wolvers refused Mr. Serrano's request and ordered Mr. Serrano to stand against the wall.

32. PO Wolvers then arrested Mr. Serrano without legal justification or probable cause.

33. PO Wolvers handcuffed Mr. Serrano.

34. PO Wolvers then took out his metal asp and repeatedly struck Mr. Serrano about his back, legs, and arms.

35. Mr. Serrano fell to his knees under the weight of PO Wolver's repeated blows.

36. PO Moreno then sprayed mace in Mr. Serrano's face.

37. Mr. Serrano was then transported to the 50th Precinct for processing.

38. While at the 50th Precinct, Mr. Serrano was in so much pain that he received medical attention from an EMT.

39. Mr. Serrano was then transported to North Central Bronx Hospital.

40. After receiving treatment at the hospital, Mr. Serrano was taken back to the 50th Precinct and subsequently taken to Bronx Central Bookings.

41. On February 25, 2011, Mr. Serrano was arraigned and charged with one count of resisting arrest and one count of disorderly conduct.

42. Mr. Serrano was released on his own recognizance.

43. On or about June 28, 2011, PO Moreno signed a superseding complaint, under oath, against Mr. Serrano.

44. In the superseding complaint PO Moreno falsely stated that Mr. Serrano pushed her and that she fell to the ground.

45. Mr. Serrano had to return to Bronx Criminal Court approximately twenty times over a two and half year period.

46. On or about June 2013, Mr. Serrano's trial began.

47. On or about July 9, 2013 Mr. Serrano was acquitted of all charges.

48. At the trial PO Moreno admitted that she perjured herself when she signed the superseding complaint.

49. Mr. Serrano continues to feel traumatized by the events of February 2011, and is wary and fearful when he sees police officers.

50. Mr. Serrano takes efforts to avoid police officers when in public.

51. Mr. Serrano suffered physical injuries as a result of this incident, including cuts scrapes, swelling, bruising and pain to his back, legs and knees, as well as mace related injuries to his face.

52. Mr. Serrano suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

56. Defendants confined plaintiff.

57. Plaintiff was aware of, and did not consent to, his confinement.

58. The confinement was not privileged.

59. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

60. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

61. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

62. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

63. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

64. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

65. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

66. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

67. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

68. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

69. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

70. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

71. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

72. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

73. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

74. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

>In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 1, 2013

By: _____/s/_____
Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075